# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | §  Case Number: 4:15-CR-00135 |
| v. | §  Judge Mazzant |
| | § |
| LUCAS R. HILL | § |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Lucas R. Hill's Motion for Compassionate Release Pursuant to 3582(c)(1)(A) or Reduction in Sentence and Appointment of Counsel (Dkt. #70). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion should be **DENIED**.

## BACKGROUND

On August 19, 2016, the Court sentenced Defendant to 405 months' imprisonment and a subsequent five-year term of supervised relief after Defendant pleaded guilty to one count of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2242(b) (Dkt. #57). Defendant is currently serving his sentence at FCI Butner Medium I. *See* https://www.bop.gov/inmateloc/ (Register Number: 23263-078). The Bureau of Prisons ("BOP") projects that Defendant will be released on April 6, 2044. *Id.*

Defendant appealed the Court's judgment (Dkt. #62). On September 12, 2016, the Court appointed counsel to represent Defendant in his appeal (Dkt. #63). On appeal, Defendant's counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that there were no non-frivolous issues for appellate review. *United States v. Hill*, 689 F. App'x. 827, 828 (5th Cir. 2017). The Fifth Circuit agreed with counsel's assessment and dismissed Defendant's appeal as frivolous. *Id.*

On August 8, 2022, Defendant filed the present motion for compassionate release (Dkt. #70). The Government filed its response opposing Defendant's motion on August 23, 2022 (Dkt. #74).

## LEGAL STANDARD

### I. 18 U.S.C. § 3582(C)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.) § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of extraordinary and compelling reasons, which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

3

release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id*. at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.³ Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner.") (internal quotations omitted). Therefore, when a prisoner files a compassionate release motion, courts must determine what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A)(i).

---

³ Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

4

### B. Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes extraordinary and compelling reasons for a sentence reduction when a prisoner files a compassionate release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate release motions is warranted for several reasons.

First, whether a compassionate release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s

"extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the

6

Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented extraordinary and compelling reasons warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### C. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

7

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

 (3) the kinds of sentences available;

 (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

 (5) any pertinent [Sentencing Commission] policy statement . . .

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

Defendant presents two arguments in support of his motion for compassionate release. First, Defendant asserts that the COVID-19 pandemic, combined with his underlying health conditions, constitutes an extraordinary and compelling reason to grant a sentence reduction. Second, Defendant argues that his sentence is "unusually long" and that this is an additional extraordinary and compelling reason to reduce his sentence. The Government opposes both grounds. Although Defendant has met § 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that extraordinary and compelling reasons exist warranting a reduction of his sentence. Thus, Defendant's motion is denied.

### I. Defendant Has Met § 3582(c)(1)(A)'s Exhaustion Requirement.

The Court may only consider Defendant's motion for compassionate if he first meets § 3582(c)(1)(A)'s exhaustion requirement. Courts may not consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly

made by the Director of the BOP or by a defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Fully exhausting administrative remedies requires a denial by the warden of a defendant's facility or waiting thirty days without receiving a response to a request, whichever is earlier.[4] *Id.*

Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . ."); *United States v. Reeves*, No. 3:18-CR-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."). If a defendant has not sought relief from the BOP, or has not waited thirty days since seeking relief, the Court may not consider their motion.

On June 11, 2022, Defendant submitted a request for compassionate relief to the warden at FCI Butner Medium I (Dkt. #74, Exhibit 1). The warden at FCI Butner Medium I denied Defendants' request on June 22, 2022 (Dkt. #74, Exhibit 2). Thus, Defendant has met § 3582(c)(1)(A)'s exhaustion requirement. However, Defendant's motion nevertheless fails because he has not established "extraordinary and compelling" reasons for early release.

**II.    Defendant Has Not Met § 3582(c)(1)(A)'s Requirement that "Extraordinary and Compelling Reasons" Warrant a Compassionate Release.**

   **A.    Defendant's Health Conditions Do Not Constitute Extraordinary and Compelling Reasons.**

Defendant's compassionate release motion turns on his assertion that his health conditions,

---

[4] BOP regulations define "warden" to include "the chief executive officer of . . . any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

coupled with the health risks associated with COVID-19, constitute extraordinary and compelling reasons to reduce his sentence. Defendant's assertion fails because his conditions are not severe enough to meet the definition of "extraordinary and compelling reasons" as set out under § 3582(c)(1)(A)(i).

Defendant's medical conditions and related COVID-19 concerns do not fall within the first category of "extraordinary and compelling reasons" identified within the Sentencing Commission's guidelines. Section 1B1.13's application note 1 provides the following two circumstances under which a defendant's medical condition may warrant a sentence reduction:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of
>     the aging process,
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13 cmt. n.1(A). Thus, the mere existence of COVID-19 in society cannot independently justify a sentence reduction. *See United States v. Miller*, No. 2:17-CR-00015, 2020 WL 2514887, *2 (N.D. Tex. May 15, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Vasquez*, No. CR 2:18-1282, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.").

Defendant argues he is entitled to compassionate release because he suffers from several

ailments that place him at higher risk of complications associated with COVID-19, including obesity, high blood pressure, pre-diabetes, depression, anxiety, and a history of substance abuse (Dkt. #70 at p. 1).  However, Defendant is not subject to a terminal illness, and the medical conditions he currently suffers from are insufficient to constitute "extraordinary and compelling reasons." *See Thompson*, 984 F.3d at 434 (affirming lower court's decision that hypertension and diabetes are insufficient to constitute "extraordinary and compelling reasons" alone unless combined with other extenuating circumstances.);  *United States v. Raymer*, No. 4:17-CR-153, 2020 WL 3451855, at *3–4 (E.D. Tex. June 23, 2020) (concluding that a borderline-obese 43-year-old man, suffering from fatty liver disease, bronchitis, and asthma, and who had contracted COVID, did not qualify for early release).

Any suggestion that Defendant's underlying medical conditions, coupled with the risk of contracting COVID-19, substantially diminish his ability to provide self-care due to his conditions of confinement does not comport with the plain text of application note 1 to U.S.S.G. § 1B1.13. The note is written in the present tense.  That is, the defendant must be presently suffering from a serious medical condition and such condition must presently diminish the defendant's capacity to engage in selfcare in the environment of a correctional facility.  By contrast, Defendant's motion relies on the risk of him contracting COVID-19 in the future and the risk that COVID-19 would have serious effects on him.  However, the record shows Defendant's medical conditions can be managed through routine care.

Additionally, Defendant's records also indicate that he has been fully vaccinated against COVID-19 and that he has received a vaccination booster (Dkt. #74, Exhibit 3 at pp. 81–82), which limits his eligibility for compassionate release.  *See, e.g.*, *United States v. Terry*, No. 4:16-CR-101, 2021 WL 4226053, at *5 (E.D. Tex. Sept. 15, 2021) ("In the Fifth Circuit and elsewhere, courts

have denied early release to inmates with a variety of medical conditions who have been vaccinated for COVID-19"); *United States v. Smith*, 1:17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (noting that, "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)").

Further, Defendant has not presented evidence that FCI Butner Medium I is not currently controlling the spread of COVID-19. At present, FCI Butner Medium I reports only four active cases among inmates and three active cases among staff. Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited February 6, 2023). Further, according to the BOP website, the agency has taken a comprehensive approach that includes regular screening and testing in response to the COVID-19 pandemic.

The Court does not downplay Defendant's health issues or suggest that his concerns about COVID-19 are unreasonable. However, weighing the evidence, Defendant fails to prove that these conditions are "extraordinary and compelling" under the § 3582(c)(1)(A)(i) framework. *See United States v. Stowe*, No. 4:11-CR-00803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstance meeting the test for compassionate release").

### B. Defendant's Sentence Does Not Constitute an "Extraordinary and Compelling" Reason.

Defendant also argues that his "unusually long" sentence constitutes an "extraordinary and compelling reason" to reduce his sentence (Dkt. #70 at pp. 9–10). This argument fails because the Court is unpersuaded that there is anything "extraordinary or compelling" about Defendant's sentence, which was within the applicable guideline range (Dkt. #55).

In the wake of the First Step Act, courts have indicated "that unusually long sentences by

today's standards could support an 'extraordinary and compelling' reason to reduce a sentence." *See, e.g. United States v. Vigneau*, 473 F. Supp. 3d 31, 36 (D.R.I. 2020). Indeed, the First Step Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

But Defendant was not sentenced under provisions that were affected by the First Step Act and he does not assert that there has been any intervening change in the law. Defendant was sentenced for Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2242(b), which was not impacted by any provisions of the First Step Act. In fact, § 2242(b) still allows for the possibility of a life sentence. Rather than sentencing Defendant to life, the Court opted for a sentence at the top end of the guideline range based on Defendant's base offense level and criminal history category (Dkt. #55). Moreover, Defendant has already attempted to challenge his sentence in an appeal that the Fifth Circuit denied as frivolous. *Hill*, 689 F. App'x at 828.

Ultimately, the Court has limited authority to reduce Defendant's sentence, and it finds no "extraordinary and compelling" reason to do so here. Indeed, under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Defendant has failed to meet the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i), his motion must be denied.

### III. The 18 U.S.C. § 3553(a) Factors Do Not Support a Sentence Reduction.

Because Defendant has shown no extraordinary or compelling reasons that would justify a reduction of his sentence, the Court need not consider the sentencing factors set out in 18 U.S.C. § 3353(a). That said, even if Defendant could articulate an "extraordinary and compelling reason, the § 3553(a) factors would weigh against any reduction. "The district court has discretion to deny compassionate release if the [§ 3553(a) factors] counsel against a reduction." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). As noted above, the § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Here, Defendant was convicted of an offense involving the sexual exploitation of minors, which courts have uniformly recognized as "incredibly serious" in nature. *United States v. Cook*, No. 21-10387, 2022 WL 175546, at *2 (5th Cir. Jan. 18, 2022), *cert. denied*, 142 S. Ct. 2792 (2022). Moreover, in the course of sentencing, the Government provided the Court with evidence demonstrating Defendant's pattern of repeatedly praying on and exploiting the vulnerabilities of children (Dkt. #54). Considering these circumstances, the Court concludes that Defendant's sentence was justified under the § 3353(a) and that he is ineligible for a reduction in sentence at this time.

### CONCLUSION

It is therefore **ORDERED** that Defendant Lucas R. Hill's Motion for Compassionate Release Pursuant to 3582(c)(1)(A) or Reduction in Sentence and Appointment of Counsel

(Dkt. #70) is hereby **DENIED**.  Further, Defendant's request for the appointment of counsel is **DENIED**.

    **IT IS SO ORDERED.**

    **SIGNED this 8th day of February, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE